UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JUDITH MCCOY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-240

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING AT ISSUE BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court on Plaintiff's Statement of Errors (doc. 20), the Commissioner's memorandum in opposition (doc. 25), the administrative record (doc. 18),[3] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for SSI and DIB alleging an onset date of August 29, 2013.[4] PageID 88. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, mild stenosis at

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

[4] Plaintiff originally alleged an onset date of May 8, 2008 but amended this date after evidence was introduced at the hearing revealing that she engaged in substantial gainful activity until the amended date, *i.e.* August 29, 2013.

the C4-5 level due to a small posterior disc osteophyte complex, mild left foraminal stenosis at the C5-6 level due to uncovertebral joint degenerative changes, and mild scoliosis. PageID 90.

After an initial denial of her application, Plaintiff received a hearing before ALJ Anne Sharrard on April 18, 2016. PageID 108-60. The ALJ issued a written decision on May 3, 2016 finding Plaintiff not disabled. PageID 88-101. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[5] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 100.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 77. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 88-101), Plaintiff's Statement of Errors (doc. 20), and the Commissioner's memorandum in opposition (doc. 25). The Court incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.    Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007).

---

[5] "Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.967(a).

2

In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in: (1) appropriately weighing the medical opinion evidence of record; and (2) determining her RFC. Doc. 20 at PageID 852. Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably reviewed the record, appropriately reviewed the Listings, properly weighed the medical opinion and medical evidence at issue (and applied the 'good reasons' rule with respect to the medical evidence by Plaintiff's treaters), and accurately determined Plaintiff's RFC and disability status. Thus, as more fully explained herein, the Court finds the ALJ's decision supported by substantial evidence and concludes that the ALJ's non-disability finding should be affirmed.

A. **Medical Source Opinions**

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to

March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.927(c).[6]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.927(c), *i.e.,*

---

[6] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.927. *Id.*

5

length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, Plaintiff's medical evidence includes treatment records and an opinion from treating physician, Ahmad Anouti, M.D. PageID 454-460; 616. Dr. Anouti opined that Plaintiff was "disabled because of fibromyalgia, transient ischemic attacks, and cerebellar infarcts," and that she could not "work to provide for herself or her family." Page ID 616. Dr. Anouti expounded no further upon his conclusion. *Id.* The ALJ afforded the three-sentence opinion of the treating physician "very little weight" after finding that it was not supported by objective testing, was on an issue reserved to the Commissioner, and lacked a function-by-function analysis. *Id.*

The record also includes medical opinions from state agency physicians, Linda Hall, M.D., and Michael Lehv, M.D. Dr. Hall evaluated Plaintiff's records on September 8, 2014 and concluded that, due to her impairments, Plaintiff could perform work at the light exertional level with some additional postural and environmental limitations. PageID 162-82. Upon reconsideration, Dr. Lehv reviewed Plaintiff's updated records on April 22, 2015 and concurred with Dr. Hall's prior assessment that Plaintiff could perform light work. PageID 206-26. The ALJ afforded the opinions of these state agency consultants "great weight." PageID 97.

Contrary to Plaintiff's blanket argument that a treating physician is unequivocally "entitled to weight substantially greater than that of a non-examining medical advisor," PageID 857, it is not, by itself, reversible error to accord greater weight to state agency physicians over treating physicians. Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996) ("In appropriate circumstances, opinions from State agency medical ... consultants ... may be entitled to greater weight than the opinions of treating or examining sources"). Indeed, the ALJ may give great weight to the state agency opinion so long as it is "supported by evidence in the case record." *Helm v. Comm'r of Soc. Sec.*, 405 Fed. Appx. 997, 1002 (6th Cir. 2011). The ALJ found that the opinions of the state agency physicians were supported

by extensive neurological exams, various tests of cardiac and neurological systems, and an electromyogram, which where all "essentially negative." PageID 97. The undersigned thus finds that the ALJ's affording great weight to the opinions of the state agency physicians falls within the ALJ's permissible "zone of choice." *Buxton*, 246 F.3d at 773. Accordingly, the ALJ's analysis in this regard is supported by substantial evidence.

Moreover, the undersigned finds no reversible error in the ALJ's assessment of Dr. Anouti's opinion. Although the ALJ did not specifically mention the controlling weight analysis, such an error was harmless because "[the ALJ] has otherwise met the regulation's goal." *Gayheart v. Comm'r of Soc. Sec.*, 710 F. 3d 365, 380 (6th Circ. 2013). The ALJ found that "objective testing does not support [Dr. Anouti's] opinion: the MRI of the claimant's cervical spine showed mild findings, she was negative for rheumatoid arthritis, physical examinations showed normal strength, and a nerve study was normal." PageID 98-99. Thus, the ALJ was entitled to afford less than controlling weight to the treating physician's opinion because that opinion was "inconsistent with other substantial evidence." 20 C.F.R. § 404.1527(c)(2). As the ALJ acknowledged, some objective evidence supports Dr. Anouti's opinion, including a "brain MRI and unsteady gait and some abnormal reflexes" (PageID 98); however, "even if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to ALJ's decision where, as here, it is supported by substantial evidence. *Blakley*, 581 F.3d at 406 (citations omitted).

Finally, the ALJ satisfied the requirement that he give "good reasons" before discounting the treating physician's opinion. *Id.* at 406-07 (*citing* 20 C.F.R. § 404.1527(d)(2)). First, he explained that Dr. Anouti's opinion lacked a function-by-function analysis and failed the supportability and consistency factors enumerated in 20 C.F.R. § 404.1527(c). PageID 97-98. Second, the ALJ recognized that Dr. Anouti's opinion was not entitled deference because it was on an issue that is reserved for the Commissioner -- *i.e.*, whether plaintiff is "disabled." PageID 97; 20 C.F.R. § 404.1527. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability

is ultimately the prerogative of the Commissioner, not the treating physician"). Finding that the ALJ employed the correct legal criteria and that substantial evidence supports the ALJ's weighing of the opinions given by Drs. Hall and Lehv over the opinion of Dr. Anouti, the undersigned finds no merit to Plaintiff's alleged error in this regard.

      **B.     Residual Functional Capacity**

Plaintiff also alleges that the ALJ failed to properly determine her RFC. PageID 858-60. Social Security regulations vest the ALJ with "responsibility for reviewing the evidence and making findings of fact and conclusions of law." 20 C.F.R. § 404.1527(e)(2). "Physicians render opinions on a claimant's RFC, but the ultimate responsibility for determining a claimant's capacity to work lies with the Commissioner." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010); *see also* 20 C.F.R. § 404.1546(c).

The ALJ concluded that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with some additional limitations. PageID 93. In determining Plaintiff's RFC, the ALJ adopted the findings of the state agency physicians, Drs. Hall and Lehv, who both concluded that Plaintiff could perform light work with occasional postural limitations, never climb ladders/ropes/scaffolds, and must avoid all exposure to hazards such as machinery or heights, as well as all commercial driving. PageID 97.

Plaintiff argues that the ALJ erred by determining an RFC that does not reflect her testimony that she is unable to walk or stand for more than an hour. PageID 860. The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). The ALJ found Plaintiff's testimony regarding the extent of pain in her legs not credible because it was inconsistent with the decision of her physicians not to "prescribe physical therapy, occupation therapy, or other such treatment" and with Plaintiff's decision to forego treatment for her condition. PageID 99. The ALJ's rejection of Plaintiff's testimony was

8

proper because she provided specific reasons for doing so. SSR 96–7p, 1996 WL 374186, at *2. *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

Plaintiff further argues that the ALJ improperly determined her RFC because it does not reflect her treating neurologist's opinion that she is disabled. PageID 860. However, an ALJ is not required to adopt precise limitations offered by a single medical source in assessing a claimant's RFC. 20 C.F.R. § 404.1545(a)(3). Rather, the ALJ is responsible for assessing a claimant's RFC based on all of the relevant medical and other evidence. *Id.*; *Bingaman v. Comm'r of Soc. Sec.*, 186 F. App'x 642, 647 (6th Cir. 2006). To that end, the ALJ, as established *supra*, appropriately weighed all the medical source opinions and did not err in accepting only those limitations she found credible, *i.e.,* those of the state agency physicians over the opinion of the treating physician. *See Casey v. Sec. of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Notably, the treating physician, Dr. Anouti, did not proffer any specific function-by-function limitations on which the ALJ could have relied. PageID 616; *Watts v. Comm'r of Soc. Sec.*, 179 App'x 290, 294 (6th Cir. 2006) (finding "the functional capacity forms from medical reviewers as the best evidence" because "[n]one of the treating physicians made detailed functional capacity analyses"). Because the ALJ's RFC determination is supported by the only medical opinions in the record that provide functional capacity analyses of Plaintiff's physical abilities, the undersigned finds that the RFC is supported by substantial evidence. *Id*.

Lastly, Plaintiff's conclusory statement that her "symptoms worsened over time and became more and more debilitating" (PageID 860) does not amount to "a clear showing that the new evidence renders the prior opinion[s] untenable, [and] the mere fact that a gap exists does not warrant the expense and delay of a judicial remand." *Kelly ex rel. Hollowell v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Circ. 2009). The ALJ explicitly considered the new evidence of record in determining that "the findings of Drs. Hall and Lehv are entirely appropriate to accommodate the claimant's objectively determined but limited impairments." PageID 97. Because the later medical testing of Plaintiff's

9

condition yielded mostly normal results, and the ALJ relied on these findings, the "inevitable gap" in the state agency physicians' review does not render their opinions untenable. *Kelly,* 314 F. App'x at 831. Plaintiff's second assignment of error, which is not supported by a single reference to Social Security Regulations or caselaw, is thus found without merit.

## IV.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; (2) this case be **CLOSED**.

Date:  October 31, 2018              s/ Michael J. Newman
                                     Michael J. Newman
                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).